THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| JEROME R. ARMSTRONG, | : | Case No. 20-14237 (MDC) |
| | : | |
| Debtor. | : | Hearing Date: August 16, 2022 at 10:30 a.m. |
| | : | Objections Due: August 5, 2022 |

### MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION
### FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE
### RIGHTS TO OBTAIN POSSESSION OF VEHICLE

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to Jerome Armstrong's (the "Debtor") motor vehicle.

**I.      BACKGROUND**

1. The Debtor is indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor on October 17, 2018 in the original amount of $25,126.71. A true and correct copy of the Loan Agreement is attached as **Exhibit A**. This financing is secured by a 2014 Toyota Avalon, VIN# 4T1BK1EB5EU095850 (the "Vehicle").

2. On October 26, 2020, (the "Petition Date"), the Debtor filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

3. The Debtor's obligation to PFFCU for the Vehicle is reflected in the Debtor's schedules.

4. On January 13, 2021, the Debtor filed an Amended Chapter 13 Plan, which was confirmed on February 25, 2021.

122856671-3

5. Pursuant to the Debtor's confirmed Chapter 13 plan, the Debtor is to pay his Vehicle obligations to PFFCU outside the confirmed plan. The Debtor's monthly payment is $397.68. The Debtor has not made the Vehicle payments to PFFCU for March 2022 and June 2022, for a total of $795.36 in post-petition arrears.

## II.    CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

6. Pursuant to section 362(d)(1) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause, including lack of adequate protection of the party's interest in property. 11 U.S.C. § 362(d)(1).

7. PFFCU has not received two post-petition payments from the Debtor for the Vehicle, and the value of the Vehicle continues to depreciate, significantly jeopardizing PFFCU's secured interest in the Vehicle. Given that the Debtor has not made these payments to PFFCU post-petition, PFFCU's interests in the Vehicle continue to be impaired and is not adequately protected as required by 11 U.S.C. § 361.

8. The Debtor's failure to remain current with the post-petition payment obligations is a breach of the Debtor's confirmed Chapter 13 plan.

9. Accordingly, cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Vehicle.

## III.    CONCLUSION

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) so that PFFCU may exercise its rights with respect to the Vehicle and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

/s/ Anne M. Aaronson
Anne M. Aaronson
Yonit A. Caplow
1500 Market St., Suite 3500E
Philadelphia, PA 19102
(215) 575-7100

Dated: July 22, 2022            *Attorneys for Police and Fire Federal Credit Union*